The Florida Bar Criminal Procedure Rules Committee (Committee) has submitted to the Court a report recommending that the Court adopt an emergency-amendment to Florida Rule of Criminal Procedure 3.853, Motion For Postconviction DNA Testing, eliminating the subdivision (d)(1) time limitations for filing a motion for postconviction DNA testing. In order to allow the Court sufficient time to consider the Committee’s report and to seek and consider comments concerning the proposed amendment, the Court amends, on an interim basis, rule 3.853(d)(1) as follows:
(d) Time Limitations.
(1) The motion for postconviction DNA testing must be filed:
(A) Within 4 years following the date that the judgment and sentence in the case became final if no direct appeal was taken; within 4 years following the date the conviction was affirmed on direct appeal if an appeal was taken; within 4 years following the date collateral counsel was appointed or retained subsequent to the conviction being affirmed on direct appeal in a capital case in which the death penalty was imposed; or by October !, 2005JuIy 1, 2006, whichever occurs later; or
(B) At any time, if the facts on which the petition is predicated were unknown to the petitioner or the movant’s attorney and could not have been ascertained by the exercise of due diligence.
New language is indicated by underscoring; deletions are indicated by struck-through type. The interim amendment shall become effective immediately upon the release of this order.
The Court invites all interested persons to comment on the Committee’s proposed amendment, which is reproduced online at http://www.floridasupremecourt.org/deci-sions/proposed.shtml. An original and nine paper copies of all comments must be filed with the Court on or before November 15, 2005, with a certificate of service verifying that a copy has been served on the committee chair, George E. Tragos, 600 Cleveland Street, Suite 700, Clearwater, Florida 33755, as well as a separate request for oral argument if the person filing the comment wishes to participate in oral argument, which may be scheduled in this case. Electronic copies of all comments also must be filed in accordance with the Court’s Administrative Order In Re: Mandatory Submission of Electronic Copies of Documents, Fla. Admin. Order No. AOSC04-84 (Sept. 13, 2004).